IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE A. MCCAULEY,

                Petitioner,

v.

DANIEL CROMWELL,

                Respondent.

OPINION and ORDER

23-cv-26-wmc[1]

---

    Petitioner Terrance A. McCauley is in custody at Redgranite Correctional Institution. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a brief in support, a motion for injunctive relief, and a motion to intervene on behalf of the Moorish Science Temple of America. Dkt. 1–4. Now that McCauley has paid the $5 filing fee, Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that McCauley is not entitled to relief. Because it is plain from the petition and its attachments that McCauley is not entitled to habeas relief, I will dismiss this case.

    McCauley pleaded no contest to one count of third-degree sexual assault and was sentenced in June 2022 in Jefferson County Case No. 2019CF96. Dkt. 1-1. The trial court imposed a bifurcated sentence consisting of 3 years of initial confinement and 5 years of extended supervision. Publicly available court records show that McCauley filed notice of intent to pursue post-conviction relief but has yet to file a direct appeal.[2] He did pursue a writ

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

[2] Records of McCauley's state-court proceedings are available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov/, and Wisconsin Supreme Court and Court of Appeals Access,

of habeas corpus in state court raising four grounds: (1) denial of full faith and credit; (2) discrimination against privileges and immunities; (3) deprivation of rights under color of law; and (4) violation of due process of law. The Wisconsin Court of Appeals denied the writ petition and McCauley's motion for reconsideration, noting that McCauley has not established that his status as a "proclaimed national of the Moorish American Theocratic Government" was "a basis to vacate a criminal conviction." Dkt. 1-2. The Wisconsin Supreme Court denied McCauley's petition for review.

In his petition and supporting brief, McCauley argues that the state court lacked jurisdiction over the criminal proceedings against him and those proceedings interfered with the sovereign interests of the Moorish national government. McCauley explains that he is a "Divine Minister and Assistant Grand Sheik of the Moorish Science Temple of America" and "an aboriginal Moorish American national" and "citizen of a foreign sovereign nation" with "enforceable treaty rights against the United States." *Id.* at 6, 18. Accordingly, his argument goes, his actions are "prescribed by laws of the foreign government" and "he is in violation of no law by which he is bound to respect." *Id.* at 19, 22. McCauley also claims immunity as "a citizen of the Moorish American Theocratic Government" and a governing official, and that the Moorish Science Temple should have been joined as a party to the criminal case. *Id.* at 18, 22.

McCauley raises three grounds for relief in his petition based on his claimed national status: (1) he has been deprived of his right to freely exercise his religion, to free association, and to enforce contracts at law; (2) the state court denied full faith and credit to the charter of

---

https://wscca.wicourts.gov/.

2

the Moorish Science Temple of America; and (3) the state court violated his due process rights by failing to join the Moorish Science Temple of America as a required party to the criminal proceeding.

McCauley's arguments are similar to "sovereign citizen" theories that have been rejected repeatedly by the courts as frivolous and a waste of court resources. *E.g., Bey v. State*, 847 F.3d 559, 560–61 (7th Cir. 2017) (rejecting as frivolous the argument that a Moorish national has immunity from U.S. law); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (sovereign citizen-type theories should be "rejected summarily" because "[r]egardless of an individual's claimed status of descent . . . that person is not beyond the jurisdiction of the courts."); *United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting challenge to district court's jurisdiction by defendant asserting that he was a Moorish national). The Court of Appeals for the Seventh Circuit recently summarily rejected McCauley's theory of foreign citizenship in a civil rights lawsuit. *See McCauley-Bey v. Meuris*, No. 21-2149, 2022 WL 1055560 (7th Cir. April 8, 2022) (rejecting McCauley's argument that his status as a "Moorish American national" placed him outside the laws or authority of Illinois). This court has also warned McCauley in dismissing a civil rights lawsuit and in denying a § 2241 petition that "[a]ny future cases or motions that [he] files based on the assertion that he is sovereign and beyond the jurisdiction of the courts will be dismissed immediately as frivolous." *Moorish Science Temple of America ex rel McCauley v. McCrory*, No. 22-cv-475-wmc, 2022 WL 5241859 at *3 (W.D. Wis. Oct.6, 2022); *McCauley-Bey v. Jefferson Cnty. Sheriff's Office*, No. 22-cv-73-wmc, 2022 WL 16906465 (W.D. Wis. Oct. 6, 2022). Because such patently frivolous arguments do not support any claim that McCauley is "in custody in violation of the Constitution or law or treaties of the United States," 28 U.S.C. § 2254(a), the petition will be denied without further analysis.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because McCauley has not made a substantial showing of a denial of a constitutional right, no certificate will issue.

## ORDER

IT IS ORDERED that:

1. Petitioner Terrance A. McCauley's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED and this case is DISMISSED.

2. Petitioner's motion for an injunctive order, Dkt. 3, and his motion to intervene, Dkt. 4, are DENIED as moot.

3. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered January 30, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge